UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]  (In Chambers)

The matter is before the Court on Defendant Performance Food Group Inc.'s ("Defendant") Motion to Dismiss and/or Strike Plaintiffs' First Amended Complaint ("FAC").  ("Motion"; docket no. 4.)  The Court previously deemed the matter appropriate for decision without oral argument and took the matter under submission. The Court has reviewed the pleadings filed in connection with this matter and, for the reasons stated below, the Court GRANTS the Motion.

## I.     Factual Background

This putative class action arises out of an alleged failure to provide timely, off duty meal breaks to truck drivers.  Plaintiffs Henry Esquivel ("Esquivel"), Alfredo Juarez ("Juarez"), and Steven Mustin ("Mustin") were employed by Defendant as route delivery drivers from approximately April 2005 thorough November 5, 2010, April 2009 through December 2009, and August 2008 through December 2009, respectively.  (FAC  ¶¶ 6–8.)  Plaintiffs allege that, throughout their employment, Defendant scheduled their delivery routes such that Plaintiffs were unable to take duty-free meal breaks.  Plaintiffs claim that they were prevented from taking meal breaks because of the time pressure that they were under to make deliveries by a certain time of day.  Further, Plaintiffs allege that even though they were unable to take meal breaks, Defendant failed to pay them a premium wage for working through the meal breaks.  Finally, Plaintiffs claim that because their wage statements did not include amounts allegedly due for missed meal break premium wages, the wage statements were inaccurate.

Based on these allegations, Plaintiffs' First Amended Complaint ("FAC") alleges the following causes of action: (1) failure to provide timely off-duty meal periods or pay missed meal break premium pay in violation of IWC Wage Order No. 7, §11; Cal. Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

Code §§ 226.7, 512; (2) failure to issue accurate itemized wages statements in violation of California Labor Code §§ 226 and 226.3; (3) failure to pay all compensation due upon separation of employment in violation of California Labor Code §§ 201–203; and (4) unfair, unlawful, and fraudulent business practices in violation of California Business and Professional Code §17200 et seq.

The original complaint was filed in state court on July 19, 2011. Thereafter, Plaintiffs filed the FAC on August 19, 2011. On September 2, 2011, Defendant removed the case to this court under the Class Action Fairness Act. (Docket no. 1.) Defendant filed the instant Motion to Dismiss and/or Strike on September 16, 2011. (Docket no. 4.) Plaintiffs filed an Opposition, and Defendant filed a Reply. (Docket nos. 17–18.)

## II. Legal Standard

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the court must accept as true all material factual allegations in the pleading and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Based on judicial experience and common sense, the court must determine whether a pleading plausibly states a claim for relief. *Id.* at 1950. If a complaint is dismissed, leave to amend is liberally granted. Fed. R. Civ. P. 15(a); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III. Discussion

Defendant moves to dismiss Plaintiff's FAC in its entirety. The Court addresses each claim in turn below.

### 1. Failure to Provide Off-Duty Meal Breaks or Pay Missed Meal Break Premium

Plaintiffs claim that Defendant structured their driving delivery schedules such that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

were unable to take timely off-duty meal breaks and then failed to pay Plaintiffs premium pay for missed meal breaks, in violation of California Labor Code Section 226.7 ("Section 226.7")[1] and 512 ("Section 512")[2] and California Industrial Welfare Commission ("IWC") Wage Order No. 7-2001(11) (codified at 8 Cal. Code Regs., tit. 8, § 11070). (FAC ¶¶ 20–22.) Defendant moves to dismiss the first cause of action for failure to plead adequately a viable claim. (Motion at 6.)

The Court agrees that Plaintiffs' FAC, which contains broad and conclusory allegations, fails to plead a plausible claim. Plaintiffs mainly allege that Defendants "employed a routine policy or practice of creating delivery routes that exerted significant time pressure on its drivers . . . . [and] [the time pressure built into the route by Defendants routinely impeded Plaintiffs and the other members of the Class from taking 30-minute, off-duty meal breaks in a timely fashion." (FAC ¶ 22.) However, Plaintiffs fail to present their allegations with the required specificity. For example, Plaintiffs fail to allege why they could not have taken their 30–minute meal breaks at some point along their routes,

---

[1] Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

[2] Section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

especially as they were working "12 to 15 hours per day." (*Id.* ¶ 20.) Further, although Plaintiffs allege that the pressure to deliver by the "lunch-time rush" prevented them from taking timely meal breaks, because Plaintiffs do not allege the start and end times of their work day, the FAC is silent as to why Plaintiffs could not take meal breaks before or after the "lunch-time rush." (*Id.* ¶ 23.) Finally, because Plaintiffs allege that they were paid on the basis of a "piece rate system that included . . . specific amounts allotted to the miles completed by drivers," without more specific allegations of how Defendant discouraged or prevented them from taking meal breaks, it appears that Plaintiffs had an economic incentive not to take meal breaks, even if Defendant had adequately provided meal breaks. (*See id.* ¶ 20.)

Thus, the Court finds that Plaintiffs' bare, conclusory allegations that Defendant did not provide them with off-duty meal breaks or missed meal break pay are not sufficient to state a claim. *See Iqbal*, 129 S. Ct. at 1949. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. V Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted). Therefore, the Court dismisses without prejudice Plaintiffs' first cause of action.[3]

### 2. Failure to Provide Accurate Itemized Wage Statements

Plaintiffs claim that Defendant violated California Labor Code Section 226 ("Section 226") by failing to include payments for missed meal breaks on Plaintiffs' wage statements. Plaintiffs allege that Defendants "knowingly provided Plaintiffs and other members of the Class with weekly itemized wage statements containing inaccurate information regarding the wages earned by Plaintiffs and members of the Class in that the payments owed to Plaintiffs and the members of the Class for untimely or missed meal

---

[3] The California Supreme Court is considering the scope of an employer's obligation to "provide" meal breaks, and whether that includes an obligation to somehow "ensure" that those breaks are taken. *See, e.g., Brinkley v. Public Storage, Inc.*, 198 P.3d 1087, 87 Cal.Rptr.3d 674 (Jan. 14, 2009), and *Brinker Restaurant Corp. v. Superior Court*,196 P.3d 216, 85 Cal.Rptr.3d 688 (Oct. 22, 2008). Plaintiffs argue that until the California Supreme Court rules, the Court of Appeals decision in *Cicairos v. Summit Logistics, Inc.*, holding that employers have "an affirmative obligation to ensure that workers are actually relieved of all duty", is still good law. 133 Cal.4th 949, 962–63 (2005) (citing Dept. of Industrial Relations, ELSE, Opinion Letter No. 2002.01.28 (Jan. 28, 2002) p. 1.). The Court need not address this issue because the FAC's bare allegations are not sufficient to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

periods were not included in gross wages earned by Plaintiffs and the Class." (FAC ¶ 47.) Plaintiffs also allege that the pay stubs were confusing because they listed a d/b/a name of the company as the employer. (*Id.*)

As an initial matter, Plaintiffs concede that Juarez's and Mustin's individual claims are time-barred because the one year statute of limitations has passed. (Opp'n at 13.)

As to Plaintiff Esquivel, to the extent that his claim is premised on his Section 226.7 claim, this derivative claim is also dismissed without prejudice because the Court has dismissed his Section 226.7 claim. To the extent that Esquivel's claim rests upon the argument that the pay stubs were confusing, the claim also fails. In the absence of any authority to support the allegation of injury on the fact that the pay stubs listed Performance Group as the employer but the W-2 forms listed Vistar Corporation, the Court dismisses this claim.

Accordingly, Plaintiffs' Second Cause of Action for failure to issue accurate itemized wages statements in violation of California Labor Code §§ 226 and 226.3 is dismissed without prejudice.

### 3. Failure to Pay Timely Wages Upon Separation

Plaintiffs claim Defendant violated California Labor Code § 203 by failing to pay missed meal break premium wages upon termination. (FAC ¶ 52.) Because Plaintiffs' Section 203 claims are premised on their Section 226.7 claim, which the Court has dismissed in this Order, this derivative claim is also dismissed without prejudice.

### 4. UCL Violations

Plaintiffs claim Defendant violated California's Unfair Competition Law as codified in California Business and Professions Code § 17200 *et seq*. (FAC ¶¶ 56–64.) Defendant moves to dismiss Plaintiffs' claims to the extent it relies on underlying substantive claims that are dismissed. (Motion at 18.)

If a plaintiff's claim for an underlying action fails, he cannot make a claim under § 17200. *See Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) ("Because Plaintiff has failed to state claims for any underlying violation of state or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

federal law, he cannot proceed on his unfair competition law claim under § 17200."). Here, because this Order dismisses the underlying claims supporting the Section 17200 claim, the Court also dismisses without prejudice Plaintiffs' Section 17200.

### IV.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. Plaintiffs may file an amended complaint by no later than **December 5, 2011**.[4]

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[4] Defendant also argues that Plaintiffs' class action allegations should be dismissed or stricken because it is patently apparent that they cannot satisfy the commonality and superiority elements required for class certification. (Motion at 23.) Whether the case should be certified as a class action is more appropriately addressed in a motion for class certification.