JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.  2:11-cv-07284-JHN-PJWx                               Date:  February 8, 2012
Title:     Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

---

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
           Not Present                                        Not Present

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
                 (In Chambers)

The matter is before the Court on Defendant Performance Food Group, Inc.'s ("PFGI" or "Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), filed on December 22, 2011.  (Docket no. 26.)  The Court has considered the pleadings, and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing scheduled for February 13, 2012, is removed from the Court's calendar.  For the following reasons, the Court GRANTS the Motion.

I.   BACKGROUND

This putative class action arises out of an alleged failure to provide timely, off duty meal breaks to truck drivers.  Plaintiffs Henry Esquivel ("Esquivel"), Alfredo Juarez ("Juarez"), and Steven Mustin ("Mustin"), (collectively, "Plaintiffs"), were employed by Defendant as route delivery drivers from approximately April 2005 through November 5, 2010, April 2009 through December 2009, and August 2008 through December 2009, respectively.  (Second Amended Complaint "SAC" ¶¶ 6—8.)  Plaintiffs allege that, throughout their employment, Defendant scheduled their delivery routes such that Plaintiffs were unable to take duty-free meal breaks.  Plaintiffs claim that they were prevented from taking meal breaks because of the time pressure that they were under to make deliveries by a certain time of day.  Finally, Plaintiffs claim that because their wage statements did not include

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:11-cv-07284-JHN-PJWx                    Date:  February 8, 2012
Title:   Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

amounts allegedly due for missed meal break premium wages, the wage statements were inaccurate.

Plaintiffs filed their original Complaint in state court on July 19, 2011.  Thereafter, Plaintiffs filed a First Amended Complaint ("FAC") on August 19, 2011.  On September 2, 2011, Defendant removed the case to this Court under the Class Action Fairness Act.  (Docket no. 1.)  Defendant filed a Motion to Dismiss and/or Strike the FAC on September 16, 2011.  (Docket no. 4.)  Finding that Plaintiffs' conclusory allegations were insufficient to state a claim, the Court granted Defendant's motion and dismissed the FAC on November 14, 2011.  (Docket no. 21.)  On December 5, 2011, Plaintiffs filed a Second Amended Complaint ("SAC"), (docket no. 25), alleging four causes of action:  (1) failure to provide timely off-duty meal periods or pay missed meal break premium pay in violation of IWC Wage Order No. 7, §11; Cal. Labor Code §§226.7, 512; (2) failure to issue accurate itemized wage statements in violation of California Labor Code §§226 and 226.3; (3) failure to pay all compensation due upon termination of employment in violation of California Labor Code §§201—203; and (4) unfair, unlawful, and fraudulent business practices in violation of California Business and Professional Code § 17200 *et seq*.

On December 22, 2011, Defendant filed the instant Motion to Dismiss, on the basis that all of Plaintiffs' claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501 *et seq.*  (Docket no. 26).[1]

---

[1]  Concurrently with the instant Motion, Defendant filed an Alternative Motion to Dismiss and/or Strike Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f).  (Docket no. 27.)  On January 17, 2012, Plaintiffs filed an "Objection and Request to Strike," (docket no. 28), arguing that Defendant's fifty (50) pages of argument, styled as two "separate" twenty-five (25) page motions to dismiss, is an improper attempt to circumvent the page limit set forth in Local Rule 11-6.  The Court agrees that Defendant's bifurcation of its motion to dismiss violates, if not the letter, then the spirit of Local Rule 11-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-07284-JHN-PJWx                     Date:  February 8, 2012
Title:     Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, courts generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. 08-2008, U.S. Dist. LEXIS 87870 at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). The Court must accept as true all material factual allegations in the pleading and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Based on judicial experience and common sense, the court must determine whether a pleading plausibly states a claim for relief. *Id*. at 1950.

## III. DISCUSSION

### A. Defendant's Requests for Judicial Notice

Along with its Motion, Defendant requests judicial notice, pursuant to Federal Rule of Evidence 201(b) and (d) of the following documents:

---

Nevertheless, the Court need not rule on the Objection to the Alternative Motion, as it is rendered moot by the Court's finding of preemption.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-07284-JHN-PJWx                              Date:  February 8, 2012
Title:    Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

---

> **Exhibit A:**  Plaintiffs' Second Amended Complaint, filed in this action on December 5, 2011.  (Docket no. 25.)
> **Exhibit B**:  Plaintiff's First Amended Complaint filed while pending in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC465835 therein, a copy of which was attached as Exhibit B to Defendant's Notice of Removal filed with this Court on September 2, 2011.  (Docket no. 1.)
> **Exhibit C**:  Pub. L. No. 103-305, Title VI, § 601(a)(1), 108 Stat. 1569 (1994).
> **Exhibit D**:  H.R. Conf. Rep. No. 103-677 (1994).

(Mot. at viii—ix, Exs. A—D, docket no. 26.)

> **Exhibit E:**  The Memorandum of Points and Authorities in Support of Motion for Summary Adjudication Filed by Defendant Winco Foods, LLC on April 16, 2010 in *Trujillo v. Winco Foods, LLC*, No. 622364 (Super. Ct. Stanislaus Cnty.).
> **Exhibit F**:  The Division of Labor Standards Enforcement's ("DLSE") Opinion Letter Re: Meal Periods: "On duty" (2002.09.04), located on the DLSE's website at the URL http://www.dir.ca.gov/else/OpinionLetters-byDate.htm.
> **Exhibit G**:  The DLSE's Enforcement Policies and Interpretations Manual § 45.2.4.2 (December 2008).

(Reply, Exs. E—G, docket no. 35.)

The Court takes judicial notice of Exhibits C, D, F, and G.  They constitute matters appropriate for judicial notice, as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Moreover, because the parties have requested judicial notice and supplied the Court with the necessary information, the Court must take judicial notice under Federal Rule of Evidence 201(d).  However, the court declines to take judicial notice of Plaintiff's Exhibits A and B, as these documents are already part of the record.  *See, e.g., Low v. Stanton*, No. 05-2211, 2007 WL 2345008, at *7 (E.D. Cal. Aug. 16, 2007).

---

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 2:11-cv-07284-JHN-PJWx        Date: February 8, 2012
Title:   Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

B. **Plaintiffs' Request for Judicial Notice**

In support of their Opposition, Plaintiffs request judicial notice of the following:

> **Exhibit 1**: Civil Minutes regarding *Iniguez v. Evergreen Aviation Ground Logistics Enter, Inc., et al.* and *Trujillo v. Evergreen Aviation Ground Logistics Enter, Inc.*, Nos. 07-7181, 07-7184 (C.D. Cal. Sept. 11, 2009).
> **Exhibit 2**: Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motion for Preliminary Injunction in *Dunbar Armored Inc. v. John Rea*, No. 04-00602 (S.D. Cal. July 8, 2004).
> **Exhibit 3**: Order on Defendants' Motion for Summary Judgment, or in the Alternative, Summary Adjudication in *Cemex Wage Cases* (*Loa v. Cemex, Inc.*, No. CGC07-461740 (S.F. Super. Ct. Mar. 27, 2007); *Grigorian v. Cemex, Inc.*, No. BC 375447 (L.A. Super. Ct. Aug. 6, 2007); *Gonzalez v. Cemex, Inc.*, No. BC 376618 (L.A. Super. Ct. Aug. 27, 2007); *Price, et al. v. Cemex, Inc.*, No. BC 378177 (L.A. Super. Ct. Sept. 29, 2007)), Superior Court of the State of California for the County of San Francisco, No. J.C.C.P. CJC-07-004520 (Feb. 19, 2010).
> **Exhibit 4**: Order Denying Motion of Defendants for Summary Judgment and Finding No Federal Preemption in *Russell Kastanos et al. v. Central Concrete Supply Co., et al.*, No. HG07-319366 (Super. Ct. Alameda Cnty. Sept. 11, 2009).
> **Exhibit 5**: Tentative Statement of Decision in *Driscoll et al. v. Granite Rock Co.*, No. 08-103426 (Super. Ct. Santa Clara Cnty. Aug. 25, 2011).
> **Exhibit 6**: Notice of Entry of Order in *Morrison v. Knight Trans., Inc., d/b/a Ariz. Knight Trans., Inc.*, No. 228016 (Super. Ct. Tulare Cnty. Oct. 1, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-07284-JHN-PJWx  Date:  February 8, 2012
Title:  Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

> **Exhibit 7**:  Notice of Entry of Order Denying Motion for Summary Adjudication in *Trujillo v. WinCo Foods, LLC*, No. 622364, (Super. Ct. Stanislaus Cnty. Aug. 27, 2010).
> **Exhibit 8**:  Motion for Summary Judgment or in the Alternative, for Summary Adjudication by Defendants Kings County Truck Lines, Inc. and Ruan, Inc., in *Williams, et al. v. Ruan Inc., et al.*, No. 09-231235 (Super. Ct. Visalia Cnty. May 17, 2010).

(Pl. Request for Judicial Notice, docket no. 34.)

The Court takes judicial notice of Plaintiff's Exhibits (1)—(8).  They constitute matters appropriate for judicial notice, as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Moreover, because the parties have requested judicial notice and supplied the Court with the necessary information, the Court must take judicial notice under Federal Rule of Evidence 201(d).

### C. **Preemption Under the FAAAA**

Congress enacted the Airline Deregulation Act ("ADA") in 1978, determining that "maximum reliance on competitive market forces would favor lower airline fares and better airline service."  *Rowe v. N.H. Motor Trans. Assoc. et al.*, 552 U.S. 364, 367—68 (2008) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)) (quotation marks omitted).  "In order to ensure that the States would not undo federal deregulation with regulation of their own, th[e] Act included a preemption provision" stating that "no State . . . shall enact or enforce any law . . . relating to rates, routes, or services of any air carrier."  *Id.* (quoting *Morales*, 504 U.S. at 378; 49 U.S.C. § 1305(a)(1)) (quotation marks omitted).  Two years later, Congress deregulated the trucking industry.  *See* Motor Carrier Act, Pub. L. No. 96-296, § 2245, 94 Stat. 793 (1980).  In 1994, seeking to similarly preempt state trucking regulation, Congress enacted the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501 *et seq*.  *Id.* at 368.  Borrowing language from the ADA, the FAAAA reads:  "[A] State . . . may not enact or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-07284-JHN-PJWx                                    Date:  February 8, 2012
Title:      Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

---

enforce a law . . . related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." *Id*.  (quoting 49 U.S.C. § 14501(c)(1)).

In *Rowe*, the Supreme Court confirmed that the following four principles, regarding ADA preemption, apply with equal force in the FAAAA context:

> (1) that "[s]tate enforcement actions having a connection with, or reference to" carrier "'rates, routes, or services' are pre-empted," . . . (2) that such pre-emption may occur even if a state law's effect on rates, routes or services "is only indirect," . . . (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation, . . . (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption-related objectives.

552 U.S. at 370—71 (emphasis omitted) (citations omitted) (quoting *Morales*, 504 U.S. at 384—390) (quotation marks omitted).

The *Rowe* Court noted that pursuant to *Morales*, "federal law *might* not pre-empt state laws that affect fares in only a tenuous, remote, or peripheral . . . manner," but specifically pointed out that, "the Court [in *Morales*] did not say where, or how, it would be appropriate to draw the line, for the state law before it *did not present a borderline question*." *Rowe*, 552 U.S. at 371 (emphasis added) (quoting *Morales*, 504 U.S. at 390) (quotation marks omitted).

Following *Rowe*, the Ninth Circuit held that a state or local regulation is "related to the price, route, or service of a motor carrier if the regulation has *more than an indirect, remote, or tenuous effect* on the motor carrier's prices, routes or services." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* (*ATA I*), 559 F.3d 1046 (9th Cir. 2009) (emphasis added) (citations omitted).  As in *Morales* and *Rowe*, the Court's decision in *ATA I* refrained from enunciating specific criteria or guidelines for determining whether an effect was "indirect, remote, or tenuous," in a borderline case. *Id*.  However, on September 26, 2011, the Ninth Circuit decided *ATA II*,

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 2:11-cv-07284-JHN-PJWx                    Date: February 8, 2012
Title:   Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

holding that "in . . . a 'borderline' case, the proper inquiry is whether the provision, directly or indirectly, '*binds the . . . carrier to a particular price, route or service* and thereby interferes with competitive market forces within the . . . industry." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* (*ATA II*), 660 F.3d 384, 397 (2011) (emphasis added) (citations omitted).

Soon after, a Southern District of California decision examined FAAAA preemption in a "borderline case" based on the same state laws at issue here. *Dilts v. Penske Logistics, LLC*, No. 08-318, 2011 WL 4975520 (S.D. Cal. Oct. 19, 2011). Applying the test enunciated by the Ninth Circuit in *ATA II*, *supra*, the district court held that California's meal and rest break laws are within the preemptive scope of the FAAAA. *Dilts*, 2011 WL 4975520 at *8. First, the court concluded that "[t]he fairly rigid meal and break requirements impact the types and lengths of routes that are feasible." *Id.* Thus, "[w]hile the laws do not strictly bind [the defendant's] drivers *to* one particular route, they have the same effect by depriving them of the ability to take any route that does not offer adequate locations for stopping, or by forcing them to take shorter or fewer routes." *Id.* (emphasis in original). The *Dilts* court further explained that the meal and rest break laws have a significant impact on trucking "services,"[2] affecting the "number of routes each driver[] may go on each day . . . the types of roads [the defendant's] drivers[] may take and the amount of time it takes them to reach their destination" and therefore "bind[ing the defendant] to a schedule and frequency of routes . . . that would 'interfere with competitive market forces within the . . . industry.'" *Id.* at 9. Finally, the *Dilts* court determined that "these ramifications of California's [meal and rest break] laws upon [the defendant's] routes and services all contribute to create a significant impact upon prices." *Id.* The Court noted further that "no factual analysis is required to decide this question of preemption," as "[i]t is more importantly the imposition of substantive standards upon a motor carrier's routes

---

[2] In *Charas v. Trans World Airlines, Inc.*, the Ninth Circuit held that "services," in the context of the ADA's preemption clause, referred to "such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided." 160 F.3d 1259, 1265—66 (9th Cir. 1998).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 2:11-cv-07284-JHN-PJWx            Date: February 8, 2012
Title:      Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

---

and services, as in *Morales* and *Rowe*, that implicates preemption." *Dilts*, 2011 WL 4975520 at 9; *see also Blackwell v. Sky West Airlines, Inc.*, No. 06-0307, 2008 WL 5103195 at *18 (S.D. Cal. Dec. 3, 2008). In other words, "[t]he key . . . is that to allow California to insist exactly when and for exactly how long carriers provide breaks for their employees would allow other States to do the same, and to do so differently," leading to "a patchwork of state service-determining laws, rules, and regulations." *Id.* (citing *Rowe*, 552 U.S. at 373).

The Court finds the reasoning in *Dilts* applicable and persuasive. As in *Dilts*, all of Plaintiffs' claims are directly or indirectly based on alleged violations of California meal break laws. (SAC ¶¶ 20—31); *see e.g., Blackwell*, 2008 WL 5103195 at *20 (finding a derivative UCL claim preempted by the ADA). Plaintiffs specifically allege that Defendant's purported violations are "a result of their scheduled routes," which provide no time for scheduled meal breaks as required by California law. (SAC ¶ 29). Here, as in *Dilts*, "the length and timing of meal and rest breaks seems directly and significantly related to such things as the frequency and scheduling of transportation," such that requiring off-duty breaks "at specific times throughout the workday . . . would interfere with competitive market forces within the . . . industry." *Dilts*, 2011 WL 4975520 at *9 (quotation marks omitted).

Plaintiffs argue that the FAAAA does not preempt California's meal and rest break laws, citing a variety of state and federal cases. First, Plaintiffs rely on the Ninth Circuit's decision in *Mendonca*, which held that California prevailing wage statues were not preempted by federal law. 152 F.3d 1184 (9th Cir. 1998). However, as noted by the *Dilts* court, "the California wage laws at issue in . . . *Mendonca* are not the same as the [meal and rest break] laws at issue here." *Dilts*, 2011 WL 4975520 at *10. "A wage law, which essentially increases the price of labor, impacts a motor carrier's prices, routes, or services in a tenuous way." *Id*. at *11 (citing *Mendonca*, 152 F.3d at 1189). By contrast, California's meal and rest break laws "do not require payment of a higher wage," but rather, "require off-duty breaks for employees *at certain times and of certain lengths*," thus "establish[ing] requirements which substantively impact a motor carrier's routes and services." *Id* (emphasis added); *see also Cal. Dump Truck Owners Ass'n v. Nichols*, No. 11-

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 2:11-cv-07284-JHN-PJWx         Date: February 8, 2012
Title:   Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

00384, 2012 WL 273162, at *8 (E.D. Cal. Jan. 30, 2012) (highlighting the distinction between prevailing wage laws in *Mendonca* and the meal and rest break laws at issue in *Dilts*). Thus, Plaintiffs' contention that *ATA II* "did not disapprove" of *Mendonca* is of no moment. (Opp'n 22.) *Mendonca* and other prevailing wage cases are fundamentally distinguishable from those involving meal and rest break laws for purposes of FAAAA preemption.

Plaintiffs' remaining cases are similarly unpersuasive. All pre-date *ATA II* and *Dilts*, most are non-binding, unpublished or tentative state court decisions, and many are factually distinguishable from the case at hand. Moreover, Plaintiffs do not meaningfully distinguish *Dilts*, arguing primarily that *Dilts* is an "outlier decision" and was "wrongly decided."[3] (Opp'n 22.) The Court finds no basis to conclude that *Dilts* is an outlier case—it applies a novel (less than one month old) test enunciated by the Ninth Circuit to cover a previously unanswered question regarding FAAAA preemption in borderline cases.

Finally, Plaintiffs' argue that Defendant can comply with California law without significantly altering its routes, services, or prices by entering into on-duty meal period agreements ("ODMPA") or paying drivers for an extra hour of work in lieu of providing scheduled breaks. (Opp'n at 20.) First, there is no indication that Defendant can satisfy the objective criteria necessary to establish an exception to the off-duty meal requirement. (*See* Reply, Ex. F, [DLSE Opinion Letter 2002.09.04 at p. 2]) (listing five objective criteria and stating that "an off-duty meal period must be provided unless these factors, taken as a whole, decisively

---

[3]  Plaintiffs attempt to distinguish *Dilts* from the instant case by arguing that *Dilts* involved allegations that *company policy* prevented taking meal breaks, whereas Plaintiffs' instant claims stem from *delivery schedules, customer expectations and delivery windows*. (Opp'n 25, n. 28.) Even if such a distinction were relevant, its accuracy is questionable, given that Plaintiffs specifically identify company policy regarding customer service as forming the basis for many of Defendant's scheduling decisions. (*See, e.g.,* SAC ¶ 27.)

**CIVIL MINUTES—GENERAL**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES—GENERAL

Case No.   2:11-cv-07284-JHN-PJWx                           Date:  February 8, 2012
Title:     Henry Esquivel et al. v. Vistar Corp. d/b/a Roma Food et al.

---

point to the conclusion that the nature of the work makes it virtually impossible for the employer to provide the employee with an off-duty meal period"). Moreover, Plaintiffs' suggestion apparently conflicts with Cal. Labor Code § 226.7(a), which provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Thus, the Court finds no reason to conclude that Defendant could feasibly comply with California's meal break laws without altering routes or services.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' claims based on California's meal and rest break laws preempted by federal law. **Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiffs' Second Amended Complaint WITH PREJUDICE.** *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment . . . is not futile.") **In addition, Defendant's Alternative Motion to Dismiss is DENIED as MOOT.**

IT IS SO ORDERED.

                                                                  __: N/A
                                                Initials of Preparer   AM

---